UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-71 |
| | ) | (VARLAN/GUYTON) |
| GREGORY FLACK, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the November 1, 2011 Retroactive Amendment to the Sentencing Guidelines [Doc. 32]. In the motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"), the applicable 18 U.S.C. § 3553(a) factors, and the defendant's post-sentencing conduct.

The United States has responded [Doc. 33], stating that if Amendment 750 takes effect on November 1, 2011, the defendant would be eligible for a sentence reduction under § 3582(c)(2). The government also agrees with the defendant that the Court would then have discretion regarding whether and to what extent such a reduction is warranted.[1] The

---

[1] The defendant filed his motion before November 1, 2011. The government requested in its response that the Court stay the defendant's motion until November 1, 2011, as Amendment 750 would not have retroactive effect until that date. Because this order is being entered after November 1, 2011, and after Congress has approved Amendment 750 and its retroactive application, the government's request to stay the motion is moot.

government asserts, however, that the reasons upon which the Court initially concluded that an above-Guidelines sentence for the defendant was appropriate remain legitimate reasons to deny the instant motion or grant only a minimal reduction. The government also asserts that the full reduction authorized by § 3592(c)(2) would be inappropriate.

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

(a)  Authority. --

>  (1) In General. -- In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>  . . . .

(b)  Determination of Reduction in Term of Imprisonment. --

>  (1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2)  Limitations and Prohibition on Extent of Reduction. –

>  (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

4

## II.     Analysis

The defendant was convicted of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [Doc. 23]. At the time of sentencing, the defendant was held accountable for 4.2 grams of crack cocaine and 4.1 grams of marijuana, for a combined marijuana equivalent of 63.0041 kilograms [Presentence Investigation Report (the "PSR"), ¶¶ 11, 12]. In calculating the applicable Guidelines range according to the Guidelines in effect at the time of the defendant's sentencing, and given the amount of drugs the defendant was held accountable for, the probation officer determined that the defendant's base offense level was 22 [*Id.*]. A two-level enhancement for possession of a firearm, a two-level enhancement for reckless endangerment during flight, and a three-level reduction for acceptance of responsibility was calculated, resulting in a total offense level of 25 [*Id.*, ¶¶13, 16, 18, 19]. Based on a total offense level of 25, and a criminal history category of VI, the defendant's advisory Guidelines range was 92 to 115 months' imprisonment [*Id.*, ¶¶ 35, 57].

On May 30, 2008, the Court granted the government's request for an upward departure and sentenced the defendant to 120 months' imprisonment, departing pursuant to U.S.S.G. § 5K2.6, § 5K2.14 and the comments to § 3C1.2 [Doc. 23; Doc. 26, pp. 54-56]. *See United States v. Flack*, 392 F. App'x 467, 2010 WL 3398483 (6th Cir. Aug. 26, 2010). The Court concluded that an upward departure was appropriate because the two-level enhancement under § 3C1.2, the provision of the Guidelines which allow for an enhancement due to reckless endangerment during flight, did not adequately account for the defendant's conduct, which involved use of "his vehicle as a dangerous weapon both as he left the gas

station/convenience store parking lot . . . and through his flight at a high rate of speed through the public streets while other vehicles were on the road." [Doc. 26, pp. 54-55]. According to the Bureau of Prisons (the "BOP"), the defendant is presently scheduled for release on March 3, 2015. Both the defendant and the government agree that the defendant's advisory Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011 and thus, the defendant's advisory Guidelines range is affected by Amendment 750 [Doc. 32, ¶ 1-2.; Doc. 33, p. 5].

Under Amendment 750, the quantities of drugs for which the defendant was held accountable converts to 15.0023 kilograms of marijuana [Doc. 33, p. 5]. Thus, after the relevant adjustments, the defendant's new total offense level is 17, with an amended advisory Guidelines range of 51 to 63 months' imprisonment [*Id.*]. Because this range is lower than the Guidelines range previously applicable to the defendant, the Court agrees that he is eligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

The Court will now consider the § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offense and his history and characteristics, along with the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to

6

provide the defendant with needed education and training, medical care, or other correctional treatment.  The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).

Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA.  The Court previously considered the § 3553 factors at the defendant's sentencing and ultimately determined that a sentence of 120 months, a sentence above the defendant's advisory Guidelines range of 92 to 115 months, was appropriate.  The Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining an appropriate sentence under the amended range of 51 to 63 months' imprisonment.  A similar revised sentence, given the reduced Guidelines range, would be a sentence of 68 months' imprisonment.

Records from the BOP indicate that the defendant has successfully completed a drug education class, a Wellness class, a Parenting I class, a Leadership class, a Real Estate class, and a chess class.  The defendant submits, through counsel, that he is currently enrolled in a Parenting II class and an anger management class, among others.  The defendant also submits that he has maintained employment while in custody, including working in the captain's office, and that he has attempted to stay active and improve himself throughout his incarceration.  The defendant has also received two disciplinary infractions relating to

fighting and assault without serious injury. However, it has been 18 months since the defendant's last sanction.

The government argues that the serious nature of the defendant's offense conduct, along with his lengthy criminal history, remain legitimate reasons to deny the instant motion, or, at the least, to grant only a minimal reduction.

As part of the Court's analysis pursuant to § 3582(c)(2), § 1B1.10, and the relevant § 3553(a) factors, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence.[2] In this regard, the Court has considered the seriousness of the defendant's offense—a drug offense—and the need to protect the public, noting that the defendant's offense conduct involved a high-speed car chase by the police that posed a potential risk of death or injury to other individuals [PSR, ¶¶ 5-7]. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii). The Court also notes that the defendant's criminal history is rather lengthy and includes a conviction for auto theft and possession of a firearm [*Id.*, ¶¶ 22-32]. The Court also notes, however, that the defendant's last disciplinary write-up occurred 18 months ago, that he has completed a number of treatment and educational programs while in the custody of the BOP, and that he has maintained employment with incarcerated. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(ii)

---

[2]Stating that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

In sum, after considering the relevant § 3553 factors and taking into account the information regarding the defendant's post-sentencing conduct and the danger to the public created by any reduction in the defendant's sentence, the Court finds some reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public safety and the defendant's criminal history. Finally, the Court has considered the need to provide the defendant with educational training and drug treatment, as it seems the defendant has taken advantage of and completed several programs offered by the BOP, including drug treatment and anger management classes. *See* 18 U.S.C. § 3553(a)(2)(D).

Accordingly, because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence to a term of 68 months' imprisonment, to take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations.

### III. Conclusion

Accordingly, for the reasons given above, the defendant's Motion for Resentencing Pursuant to the November 1, 2011 Retroactive Amendment to the Sentencing Guidelines [Doc. 32] is **GRANTED** and the defendant's sentence is reduced to **68 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: if this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE